IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH F. HURLEY, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:22-cv-00652 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| BILLY OWENS, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Joseph F. Hurley filed his *pro se* complaint pursuant to 42 U.S.C. § 1983, while he was still being held at Southwest Virginia Regional Jail in Haysi, Virginia. He was subsequently released on bond, and he has paid the full filing fee. Despite Hurley's payment of the full filing fee, the court has an obligation to review and dismiss the complaint if it fails to state a claim for which relief can be granted, among other reasons. 28 U.S.C. § 1915A(a) (obligating review of civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity). As discussed herein, the court concludes that it must refrain from exercising jurisdiction over Hurley's complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, the court will decline to exercise jurisdiction and instead dismiss his complaint without prejudice.

I. BACKGROUND

Hurley's complaint names four defendants, and lists titles or descriptions next to each: Billy Owens (drug task force), Brook Owens (probation officer), Ricard Lee (garbage pickup), John Hagy (Buchanan deputy), Mitchell (Buchanan deputy). (Compl. 1.) Hurley's original complaint is lean on details. He has filed additional factual allegations docketed as "Additional Evidence" (Dkt. No. 7), and that document provides a fuller description of the underlying events.

The court will treat that document as his supplemental complaint and direct the Clerk to update the docket accordingly.

Considering both documents, it appears that Hurley is challenging a March 21, 2022 search of his residence in Buchanan County, which he shares with his girlfriend. According to the complaint, "they" came in the house without a warrant, saying they had received reports of child abuse and then that they were looking for drugs. Hurley's supplemental complaint details that the persons present were four officers from the Buchanan County Sheriff's Department and the Drug Task Force, along with Hurley's probation officer, Owens. After searching through various possessions, the officers located Hurley's girlfriend's firearm. In his complaint, he states that his girlfriend was at work, but they made her open the safe when she came home. (Compl. 2.) In the supplemental complaint, Hurley states that the firearm was in a small, unmarked box and that the deputies asked Hurley to open it, which he "allegedly did in the presence of the officers." (Suppl. Compl. 1–2.) He said there were two guns present in the box,[1] but he denied knowing they were there and explained that they belonged exclusively to his girlfriend. (*Id.* at 2.)

Hurley was charged with possessing a firearm as a convicted felon and also with a probation violation. (Compl. 4.) Hurley claims that the guns were in her area of the room and were hers. He claims that he did not know that the guns were there and that he and his girlfriend have a rule that they don't "bother stuff" that is on the other's side of the room. (*Id.* at 5.) In another portion of the complaint, he also states (without further explanation) that there was no probable cause to search the house. (*Id.* at 3.)

It is clear, based on both his complaint and a review of Buchanan County Circuit Court

---

[1] In the original complaint, he only mentions one gun. The discrepancy is immaterial here.

records, that Hurley has active criminal cases against him that involve the same charges Hurley challenges in this lawsuit.[2] Specifically, in Case Number CR22000806-00, he is charged with being a nonviolent felon and possessing a gun, in violation of Virginia Code § 18.2-308.2, with an offense date of March 21, 2022. The case is currently set for a jury trial on March 6, 2023. He is also charged with probation violations in Case Numbers CR20000315-01 and CR20000316-01, again with an offense date of March 21, 2022, and revocation hearings are set in both cases for March 6, 2023.

The only relief Hurley seeks is that all charges be dropped.

## II. DISCUSSION

Because Hurley is raising constitutional challenges to ongoing criminal proceedings in state court and asking the court to direct that his state charges be "dropped," the court must determine whether to abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted). The Supreme Court has repeatedly affirmed the "strong federal policy against federal court interference with pending state judicial proceedings . . . ." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

All three *Younger* prongs are met here. Hurley's complaint itself (in setting out the

---

[2] The court takes judicial notice of Hurley's state-court proceedings in Buchanan County Circuit Court. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state-court proceedings that directly relate to the issues pending in the federal court).

charges and asking for their dismissal) makes clear that there are ongoing state judicial proceedings against Hurley. As noted, state-court records confirm that fact.

As to the second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1985). Because Hurley asks the court to intervene in his *criminal* case, the second *Younger* prong is likewise satisfied

Lastly, Hurley can raise his Fourth Amendment claims in the course of his state prosecution. *See Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.") (citation omitted). Notably, this second prong does not require that Hurley would be *successful* in his raising his challenge in state court. *See Nivens*, 444 F.3d at 243 ("[T]he key question is whether the state allows for [plaintiff] to raise [his] objections, not whether the state agrees with those objections.").

In cases addressing similar Fourth Amendment challenges, courts have held that *Younger* abstention is appropriate. *E.g.*, *Hill v. Courter*, 344 F. Supp. 2d 484 (E.D. Va. 2004) (abstaining pursuant to *Younger* where plaintiffs challenged searches of their property that resulted in state criminal prosecution); *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir. 1986) (affirming district court's *Younger* abstention over claims seeking injunction against allegedly illegal searches and seizures).

In summary, "federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Those circumstances—such as a showing of bad faith

or harassment by the prosecuting state officials or the state law being "flagrantly and patently violative of express constitutional prohibitions"—do not exist here. *See Nivens*, 444 F.3d at 241 (setting forth exceptions and explaining their narrowness) (citations omitted).

### III.  CONCLUSION

For the foregoing reasons, the court declines to exercise jurisdiction over Hurley's complaint. The complaint will be dismissed without prejudice. An appropriate order will be entered.

Entered: February 7, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge